IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LISA C. CONE, attorney in fact and next friend of
TIMOTHY H.L. FRAZIER, and TIMOTHY H.L.
FRAZIER, individually,

    Plaintiffs, and

SOUTHERN CONCRETE PRODUCTS, INC.,

    Intervening Plaintiff,

v.                              No. 14-1122

HANKOOK TIRE COMPANY, LTD., and
HANKOOK TIRE AMERICA CORPORATION,

    Defendants.

_____

NOTICE OF CONDITIONS TO GRANTING MOTION FOR VOLUNTARY DISMISSAL
_____

Before the Court is the January 8, 2015, motion of the Intervening Plaintiff, Southern Concrete Products, Inc. ("Southern"), for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a). (D.E. 66.) Plaintiffs, Lisa C. Cone and Timothy H.L. Frazier, did not object or otherwise respond to the motion. (*See* D.E. 66-1.) Defendants, Hankook Tire Company, LTD., and Hankook Tire America Corporation (collectively, "Hankook"), however, responded and asked the Court to impose certain conditions related to sanctions for the spoliation of evidence. (D.E. 71.)

This case is a product liability action arising out of an automobile accident. (*See* Compl., D.E. 1.) Plaintiffs allege that Defendants manufactured and distributed a tire that suffered a tread separation, causing Frazier to lose control of a concrete mixer truck he was driving. (*Id.* at ¶¶ 4–6.) According to the complaint, the truck overturned, and he suffered serious injuries as a result.

(*Id.* at ¶¶ 6–8.) Plaintiffs contend that Hankook did not properly design, construct, manufacture, test, or inspect the tire, and they also advance claims based on a failure to warn and for breach of warranty. (*Id.* ¶¶ 18–36.) Southern, Frazier's employer at the time of the accident, intervened in the case and asserted a subrogation right under title 50, chapter 6, section 112 of the Tennessee Code Annotated for workers' compensation benefits it paid to him. (*See* Intervenor Compl., D.E. 32.) After the accident, Frazier brought a workers' compensation claim, and representatives from Southern spoke with Plaintiffs' counsel about the potentially defective tire. (Resps. & Objections of Southern Concrete Products, Inc., to Defs.' First Reqs. for Admis. & Interrog. ¶¶ 7, 11, D.E. 71-1.) Southern subsequently sold the wreckage of the truck in a bulk scrap metal transaction. (*Id.* at ¶¶ 16, 20.)

Rule 41(a) of the Federal Rules of Civil Procedure governs voluntary dismissal. Rule 41(a)(2) applies in cases where the opposing party has filed either an answer or a motion for summary judgment and not all of the parties consent to the dismissal. *See* Fed. R. Civ. P. 41(a)(1)–(2); *Jones v. W. Reserve Transit Auth.*, 455 F. App'x 640, 643 (6th Cir. 2012). Here, Defendants did not join a stipulation of dismissal and they filed answers to Southern's complaint, (*see* D.E. 61; D.E. 62), making Rule 41(a)(2) controlling. In relevant part, Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The decision of whether to grant a Rule 41(a)(2) motion is "commit[ted] to the district court's sound discretion . . . ." *Smith v. Holston Med. Grp., P.C.*, ___ F. App'x ___, 2014 WL 6888491, at *2 (6th Cir. 2014). Rule 41(a)(2)'s language permits the Court to "condition" the grant of the motion on the acceptance of terms it finds appropriate. *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 & n.2 (6th Cir. 2009). The Court's determination of the proper conditions for dismissal

2

is guided by the purpose of the rule—"to protect the nonmovant . . . from unfair treatment." *W. Reserve*, 455 F. App'x at 643 (alteration in original) (quoting *Bridgeport Music*, 583 F.3d at 953). "A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music*, 583 F.3d at 954 (citations omitted).

Hankook requests that, as a condition to Southern's dismissal, the Court "confirm that Southern's withdrawal as a direct party to the case will not limit the Court's authority to act upon Southern's spoliation of evidence, or limit the remedies available to the Court." (D.E. 71 at 3.) In essence, Defendants suspect that Southern's actions in disposing of the dump truck may give rise to spoliation sanctions, and they wish to retain their ability to pursue that line of argument after Southern is no longer a party to the case. They "seek to prevent Southern's withdrawal as a formal party . . . from . . . being used to block or limit" any potential spoliation remedy. (*Id.* at 4.) Hankook does not argue, however, that dismissal itself should not be granted or that Southern is a necessary party to the action.

Under certain circumstances, the spoliation of evidence by one individual or entity may be attributable to another for the purposes of imposing sanctions. *See In re Black Diamond Min. Co., LLC*, 514 B.R. 230, 240 (E.D. Ky. 2014) (citing *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010)) (considering spoliation in the context of an agency relationship). Aside from the attribution of an agent's spoliation to the principal, however, this Court shares the skepticism and uncertainty expressed by others that "spoliation of evidence may be imputed to a [party] who did not participate in the spoliation." *Pettit v. Smith*, ___ F. Supp. 3d ___, 2014 WL 4425779, at *8 (D. Ariz. 2014). Moreover, the Sixth Circuit has indicated that, at least in some circumstances, a party that lacked control over evidence at the time of its spoliation may not

3

have sufficient culpability to support sanctions. *See Adkins v. Wolever*, 692 F.3d 499, 503–06 (6th Cir. 2012).

Despite these concerns, Hankook would be unfairly prejudiced if it could not seek a remedy for a potential spoliation *merely* because Southern was no longer a party to the action. Defendants point to no authority indicating that Southern's dismissal would prevent its spoliation from being imputed to Cone and Frazier under appropriate circumstances, and the Court has not found any such authority independently. But barring such an imputation *solely* due to Southern's dismissal would work a hardship on Hankook, as it would be without redress for strictly procedural reasons. Accordingly, the Court will, as a term of dismissal, state that Southern's status as a non-party will not limit any remedy for spoliation that Hankook may have. Nothing in this order should be read, however, to indicate that Southern's actions should necessarily be imputed to Cone and Frazier for spoliation purposes or that spoliation in fact occurred in this case. Those issues remain to be determined, if necessary, at a later date.

In cases where the Court imposes conditions upon a Rule 41(a)(2) dismissal, the best practice is to present these conditions to the movant before issuing a final ruling. "Otherwise, the plaintiff has to gamble on what the court will do. Forcing plaintiffs to forecast the terms on which a district court intends to condition a voluntary dismissal would discourage plaintiffs from filing Rule 41(a)(2) motions in the first place." *Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 576 (6th Cir. 2010); *see also* 9 Charles Alan Wright, et al., *Federal Practice & Procedure: Civil* § 2366 (3d ed. 2014) ("The more common practice . . . is for the plaintiff simply to move for dismissal without mentioning conditions. The trial court then will specify on what conditions it will allow dismissal. If the conditions are too onerous, the plaintiff need not accept the dismissal on those terms."). Therefore, Southern is granted eleven days from the entry of this

order to accept the terms set forth in this order or to withdraw its motion for voluntary dismissal. Failure to respond will result in the entry of an order of dismissal with the conditions described above included.

IT IS SO ORDERED this 20th day of March 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE