IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LISA C. CONE, attorney in fact and next friend of
TIMOTHY H.L. FRAZIER, and TIMOTHY H.L.
FRAZIER, individually,

    Plaintiffs,

v.                                                                                 No. 14-1122

HANKOOK TIRE COMPANY, LTD.,
AND HANKOOK TIRE AMERICA CORPORATION,

    Defendants.

_____

ORDER GRANTING DEFENDANT HANKOOK AMERICA'S
MOTION FOR SUMMARY JUDGMENT
_____

Before the Court is the June 6, 2016, motion for summary judgment filed by one of the Defendants, Hankook Tire America Corporation ("Hankook America"), pursuant to Federal Rule of Civil Procedure 56. (D.E. 197.) Plaintiffs, Lisa C. Cone and Timothy H.L. Frazier, responded in opposition, (D.E. 217), and Defendant filed a reply, (D.E. 229), making this matter ripe for disposition.

I. BACKGROUND

This case is a product liability action arising out of an automobile accident. (D.E. 1.) Plaintiffs allege that Defendants manufactured and distributed a tire that suffered a tread separation, causing Frazier to lose control of a concrete mixer truck he was driving. (*Id.*) According to the complaint, the truck overturned, and he suffered serious injuries as a result. (*Id.*) Plaintiffs contend that the tire was not properly designed, constructed, manufactured,

tested, or inspected, and they also advance claims based on a failure to warn and for breach of warranty. (*Id.*)

The product at the center of this dispute is a Hankook model AH10, medium truck tire that was designed and manufactured in Hankook Korea's Daejeon, Korea plant in December 2005. (D.E. 197-5 at PageID 2406.) According to Hankook America, it distributed the tire but had no role in the product's design or manufacture. (*Id.*) Plaintiffs dispute this latter point, stating that "Hankook America brings in tires in order to sell in America and markets the tires for sale. [Defendant] also evaluates the satisfaction rate of the American clients and monitors the buyer's expectation issues and [is] supposed to keep a record of the customer complaints and relay this information to Hankook Tire Company, LTD."[1] (D.E. 218 at PageID 6169.) In the instant motion, Hankook America contends that it is entitled to summary judgment because it was the distributor and not the manufacturer of the subject tire and, therefore, is protected from liability pursuant to Tennessee Code Annotated section 29-28-106.

## II. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides in pertinent part that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to

---

[1] The Court fails to see how this is responsive to Hankook America's statement that it had no role in the tire's design or manufacture. Further, Plaintiffs' response to Defendant's Statement of Material Facts does not comply with Local Rule 56.1(b), which requires the non-moving party to respond to the moving party's statement of undisputed facts

> on the document provided by the movant or on another document in which the non-movant has reproduced the facts and citations verbatim as set forth by the movant. In either case, the non-movant must make a response to each fact set forth by the movant immediately below each fact set forth by the movant.

Plaintiffs did not respond on the document provided or reproduce the facts set forth by Defendant. Counsel for Cone and Frazier are admonished to familiarize themselves with the Local Rules for the Western District of Tennessee and to adhere to them in the future.

any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view all evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in the nonmoving party's favor. *Ondo v. City of Cleveland*, 795 F.3d 597, 603 (6th Cir. 2015). "There is a genuine issue of material fact only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) (internal quotation marks omitted). "The test is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* (citing *Anderson*, 477 U.S. at 251-52) (internal quotation marks omitted). The moving party must initially show the absence of a genuine issue of material fact. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). It is then incumbent upon the nonmoving party to "present significant probative evidence to do more than show that there is some metaphysical doubt as to the material facts to defeat the motion." *Id.* (internal quotation marks omitted).

## III. ANALYSIS

In cases based upon diversity, federal courts apply the law of the state in which the action is brought. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see Richardson v. GlaxoSmithKline*, 412 F. Supp. 2d 863, 868 (W.D. Tenn. 2006). Plaintiffs' claims against both Defendants fall under the purview of the Tennessee Products Liability Act ("TPLA" or "Act"), codified at Tennessee Code Annotated sections 29-28-101 to -108. The TPLA defines a product liability claim as any action:

> brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. "Product liability action" includes, but is not limited to, all actions based upon the following theories: strict liability in tort; negligence;

3

> breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever.

Tenn. Code Ann. § 29-28-102(6). Under the Act, a products liability action *must* be maintained against the manufacturer, not against a non-manufacturer seller, unless one of the following statutory exceptions is met:

> (1) The seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the alleged harm for which recovery of damages is sought;
>
> (2) [The seller] [a]ltered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought;
>
> (3) The seller gave an express warranty as defined by Title 47, chapter 2;
>
> (4) The manufacturer or distributor of the product or part in question is not subject to service of process in this state and the long-arm statutes of Tennessee do not serve as the basis for obtaining service of process; or
>
> (5) The manufacturer has been judicially declared insolvent.

Tenn. Code Ann. § 29-28-106. "Manufacturer means the designer, fabricator, producer, compounder, processor or assembler of any product or its component parts." *Id.* at § 29-28-102(4). Seller is defined as a "retailer, wholesaler, or distributor, and means any individual or entity engaged in the business of selling a product, whether such sale is for resale, or for use or consumption." *Id.* at 29-28-102(7). Section 29-28-106 was most recently amended in 2011 as part of the Tennessee Civil Justice Act of 2011, which states that it "shall take effect October 1, 2011 . . . and shall apply to all liability actions for injuries, deaths and losses covered by th[e] act *which accrue on or after such date*." 2011 Tenn. Pub. Acts 510, sec. 24 (emphasis added).

Hankook America contends that, as the distributor of the tire, it is shielded from liability pursuant to section 29-28-106. Plaintiffs respond that the statute relied upon by Defendant does not apply to this action because it was amended in 2011 and the subject tire was manufactured in 2005. Plaintiffs aver that Defendant's position "can only be correct if the statute specifically states that [it] was effective for cases filed after October 1, 2011, which it does not state this [sic]." (D.E. 217-1 at PageID 6163.)

However, as noted above, the current version of section 29-28-106 applies to all actions that accrue on or after October 1, 2011. *See* 2011 Tenn. Pub. Acts 510, sec. 24. Thus, whether the current version of the statute applies depends upon the date the action accrued. Although the Court has not located a case that addresses this issue directly, other courts analyzing product liability claims against sellers have applied the version of section 29-28-106 that was in effect on the date of injury, not the date that a product was manufactured. *See Tatham v. Bridgestone America Holdings, Inc.*, 473 S.W.3d 734, 754-55 & n.15 (Tenn. 2015) (using date of injury as "time th[e] action accrued" and applying version of statute in effect at that time); *Bissinger v. New Country Buffet*, No. M2011-02183-COA-R9-CV, 2014 WL 2568413, at *9 (Tenn. Ct. App. June 6, 2014) (applying version of 29-28-106 in existence at time of plaintiff's injury where that version differed from statute currently in force); *see also Graves v. Qualitest Pharm.*, No. 12-cv-01185-JDB-egb, 2013 WL 3198165, at *2 (W.D. Tenn. June 21, 2013) (stating that plaintiff's date of injury would determine which version of section 29-28-106 applied). Such application accords with Tennessee's statute of limitations for products liability cases, which states that "[t]he cause of action for injury to the person shall accrue *on the date of the personal injury*, not the date of the negligence or the sale of a product . . . ." Tenn. Code Ann. § 28-3-104(b)(1) (emphasis added); *see also Black's Law Dictionary* 25 (10th ed. 2014) (defining "accrue" as "to

5

come into existence as an enforceable claim or right"). Accordingly, because the injury giving rise to this litigation occurred in 2013, the statute as amended in 2011 applies.

As set forth above, Tennessee Code Annotated section 29-28-106 shields non-manufacturer sellers of products from liability unless one of the five listed exceptions applies. Distributors of products are considered sellers pursuant to section 29-28-102(7). As Hankook America points out, Plaintiffs have not asserted that any of the exceptions listed in section 29-28-106 apply—their response only challenged the instant motion on the basis that the statute relied upon did not apply to this action. In its statement of undisputed material facts, Defendant asserted that it was the distributor of the subject tire but had no role in its design or manufacture. Plaintiffs allege this fact is "disputed," but the substance of their response does not actually challenge that fact. Rather, Plaintiffs contend that Hankook America imports tires and markets them for sale and is responsible for evaluating customer satisfaction, recording that information, and relaying it to Hankook Limited. None of those activities concern the manufacture of the tire and do not invoke any of the exceptions listed in the relevant statute. Consequently, the Court agrees that Hankook America is shielded from liability pursuant to section 29-28-106, and its motion for summary judgment as to all claims against it is GRANTED.

## IV. CONCLUSION

In light of the foregoing and the record as a whole, Hankook America's motion for summary judgment is GRANTED, and this matter is DISMISSED with prejudice as to that Defendant only.

**IT IS SO ORDERED** this 20th day of December 2016.

                                                s/ J. DANIEL BREEN
                                                CHIEF UNITED STATES DISTRICT JUDGE