IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LISA C. CONE, attorney in fact and next friend of
TIMOTHY H.L. FRAZIER, and TIMOTHY H.L.
FRAZIER, individually,

    Plaintiffs,

v.                                 No. 14-1122

HANKOOK TIRE COMPANY, LTD.,

    Defendants.

---

ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AND/OR
FOR SUMMARY JUDGMENT

---

Before the Court is the June 6, 2016 motion to strike and/or for partial summary judgment filed by Plaintiffs, Lisa C. Cone and Timothy H.L. Frazier. (D.E. 192.) Defendant, Hankook Tire Company, Limited ("Hankook"),[1] filed a response in opposition to the motion, (D.E. 212), making it ripe for disposition.

I. BACKGROUND

This case is a product liability action arising out of an automobile accident. (D.E. 1.) Plaintiffs allege that Defendant manufactured a tire that suffered a tread separation, causing Frazier to lose control of a concrete mixer truck he was driving. (*Id.*) According to the complaint, the truck overturned, and he suffered serious injuries as a result. (*Id.*) Plaintiffs

---

[1] Plaintiffs filed this lawsuit against both Hankook Limited and Hankook Tire America Corporation. However, the Court granted summary judgment to the latter in an order dated December 20, 2016. (D.E. 242.)

contend that Hankook did not properly design, construct, manufacture, test, or inspect the tire, and they also advance claims based on a failure to warn and for breach of warranty. (*Id.*)

Hankook answered the complaint on August 5, 2014, (D.E. 11), raising twenty-eight affirmative and other defenses. Plaintiffs amended their complaint on November 21, 2014, adding the specific damage amount sought to be recovered. (D.E. 49.) Defendant submitted an answer to the amended complaint on November 25, 2014, (D.E. 58), which contained the identical defenses set forth in its original response.

On June 6, 2016, Plaintiffs moved to strike pursuant to Federal Rule of Civil Procedure 12(f) and/or for summary judgment under Rule 56. (D.E. 192.) In their motion, Cone and Frazier sought to strike and/or obtain summary judgment with respect to sixteen of Defendant's defenses. Hankook responded that Plaintiffs' motion to strike was "grossly" untimely because Rule 12(f) provides twenty-one days for filing such a motion after a party is served with the relevant pleading, and Plaintiffs waited eighteen months to do so. (D.E. 212 at PageID 4756.) With respect to the motion for summary judgment, Defendant asserted it was not properly supported because it did not include any citations to the record, was not accompanied by a statement of undisputed facts as required by Local Rule 56.1(a), and did not explain why summary judgment was appropriate. (*Id.* at PageID 4757.)

## II. ANALYSIS

A. <u>Motion to Strike</u>

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." According to that Rule, a motion to strike should be made "either before responding to the pleading or, if a response is not allowed, within 21 days

after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Rule 12(f) provides for a "drastic remedy" and such motions are "generally viewed with disfavor and are rarely granted." *Hiles v. Army Review Bd. Agency*, No. 1:12-cv-673, 2014 WL 7005244, at *1 (S.D. Ohio Dec. 10, 2014) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

Defendant's amended answer, which included the defenses that Plaintiffs now challenge, was filed on November 25, 2014. Therefore, to comply with Rule 12(f)(2), the motion should have been filed in December 2014. Nevertheless, Plaintiffs waited until June 6, 2016—eighteen months later—to present the pleading. To date, Cone and Frazier have not acknowledged the motion's belatedness, attempted to explain their delay, or asked the Court to excuse the untimely filing. The Court notes that Rule 12(f) authorizes a court to sua sponte strike a defense from a pleading, and that provision has been interpreted to allow consideration of a late-filed motion to strike in the court's discretion. *See Johnson v. Cnty. Of Macomb*, No. 08-10108, 2008 WL 2064968, at *2 (E.D. Mich. May 13, 2008); *Deluca v. Blue Cross Blue Shield of Mich.*, No. 06-12552, 2007 WL 1500331, at *1 (E.D. Mich. May 23, 2007) (citing *United States v. Lot 65 Pine Meadow*, 976 F.2d 1155, 1157 (8th Cir. 1992)). However, this is not an appropriate case to exercise that option. The eighteen-month delay is significant, and Plaintiffs have offered no explanation for their failure to comply with the time constraints found in Rule 12. Because of these procedural missteps, Plaintiffs' untimely motion to strike is DENIED.

B. Motion for Summary Judgment

Hankook also asserted that Plaintiffs' motion for summary judgment was inadequate, pointing out that it included no citations to the factual record, did not contain a statement of undisputed facts, and did not provide substantive analysis of the defenses for which it sought judgment as a matter of law.

3

Federal Rule of Civil Procedure 56(c)(1) requires the party moving for summary judgment to support its motion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Additionally, Local Rule 56.1(a) provides as follows:

> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by specific citation to the record. If the movant contends that the opponent of the motion cannot produce evidence to create a genuine issue of material fact, the proponent shall affix to the memorandum copies of the precise portions of the record relied upon as evidence of this assertion.

Upon review, the Court agrees with Defendant's assessment of the motion for summary judgment. Plaintiffs offer no explanation as to why summary judgment is appropriate—they recite the relevant standard of review but provide no substantive argument in support. Cone and Frazier begin the argument section of their memorandum in support of the motion by stating that "[t]he specific affirmative defenses that should be *stricken* are the following . . . ." (D.E. 193 at PageID 1537.) (emphasis added.) The next reference to summary judgment comes in the last paragraph of the pleading, under a heading entitled "Conclusion," wherein Plaintiffs "request this Court to grant summary judgment on these specific defenses since Defendants failed make [sic] a showing sufficient to establish the existence of the elements essential to these defenses." (D.E. 193 at PageID 1546.)

Further, Cone and Frazier did not include a statement of undisputed facts as required by Local Rule 56.1,[2] and the memorandum in support of the motion contains no citations to the

---

[2] This is not the first time Plaintiffs have failed to adhere to the Local Rules. *See* (D.E. 242 at PageID 8492 n.1) (noting that Cone and Frazier's response to a motion for summary

factual record whatsoever.  For many of the defenses, Plaintiffs simply state that there was "[n]o evidence produced during [the] discovery phase to support this defense.  Discovery is now closed." (D.E. 193 at PageID 1539 (6th defense), 1540 (8th, 11th, and 12th defenses), & 1544 (15th defense).)  However, they did not "affix . . . copies of the precise portions of the record relied upon as evidence of this assertion." Local R. West. Dist. Tenn. 56.1(a); *see also* Fed. R. Civ. P. 56(c)(1)(B).

It is not the Court's responsibility to search a more than 8,000 page record for facts that support Plaintiffs' motion.  It is also not this Court's duty to create legal arguments as to why summary judgment should be granted where Cone and Frazier have provided none.  Plaintiffs' motion is primarily concerned with striking sixteen defenses raised by Hankook in its answer, while their request for summary judgment appears to be an afterthought.  This cursory request for such relief, coupled with the absence of factual citations, is wholly inadequate to suffice as a motion for summary judgment, and thus, it is DENIED.

### III.  CONCLUSION

In light of the foregoing and the record as a whole, Plaintiffs' motion to strike and/or for summary judgment is DENIED.

**IT IS SO ORDERED** this 4th day of January 2017.

s/ J. DANIEL BREEN<br>
CHIEF UNITED STATES DISTRICT JUDGE

---

judgment did not comply with Local Rule 56.1(b).)  The Court again admonishes Plaintiffs' counsel that the Local Rules are not optional and continued failures to comply with them will be met with consequences.