# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| LISA C. CONE, Attorney-in-Fact and Next Friend of TIMOTHY H. L. FRAZIER, and TIMOTHY H. L. FRAZIER, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> HANKOOK TIRE COMPANY, LTD., <br><br> Defendant. | No. 14-1122-STA-egb |

## OMNIBUS ORDER ON MOTIONS IN LIMINE

Before the Court are a series of Motions in Limine filed by both parties. A pretrial conference is set for June 1, 2017, with a jury trial to follow on June 19, 2017. The Court's rulings on the Motions in Limine are set forth below.

**I. Plaintiffs' Motion in Limine Regarding Compliance with Federal Motor Vehicle Safety Standards**

In their first Motion in Limine (ECF No. 244), Plaintiffs seek to exclude any proof that the vehicle and its component parts complied with Federal Motor Vehicle Safety Standards. For support Plaintiffs rely on 15 U.S.C. § 1397(c), the National Traffic and Motor Vehicle Safety Act's saving clause, which Congress has repealed and recodified at 49 U.S.C. § 30103(e). *Geier v. Am. Honda Motor Co., Inc.*, 529 U.S. 861, 868 (2000) (describing 15 U.S.C. § 1397(k) (1988 ed.) as a "saving" clause). That paragraph states that "compliance with a motor vehicle safety

1

standard prescribed [under the Act] does not exempt a person from liability at common law." 49 U.S.C. § 30103(e). However, Plaintiffs' reliance on the saving clause is misplaced. Nothing in the plain language of the statute or in the case law construing it suggests, as Plaintiffs argue, that the Act precludes a party from introducing evidence of its product complying with federal safety standards. The Act merely saves tort claims that may arise under the common law of the states even where the manufacturer has complied with federal safety standards.

Furthermore, as Defendant correctly notes, Tenn. Code Ann. § 29-28-104(a) creates a rebuttable presumption that a product was not in an unreasonably dangerous condition if the manufacturer or seller of the product complied with federal or state statute or regulation concerning safety standards for the product at the time the product was manufactured. Tenn. Code Ann. § 29-28-104(a). Section 29-28-104(b)(2) goes on to preclude an award of punitive damages against a manufacturer where the product complies with a relevant federal safety standard. § 29-28-104(b)(2). Proof that Defendant's tire complied with federal standards is plainly relevant to the issues remaining for trial and is therefore admissible. Plaintiffs' first Motion in Limine is **DENIED**.

## II. Plaintiffs' Motion in Limine to Prohibit Reference to Worker's Compensation Benefits and Other Collateral Sources

Plaintiffs' second Motion in Limine (ECF No. 245) seeks to exclude evidence that Plaintiff Timothy Frazier is receiving worker's compensation and Social Security benefits. Plaintiffs argue that Defendant should not be permitted to introduce evidence of these or any other benefits under the collateral source rule. Defendant responds that the proof is relevant for three reasons. First, Defendant should be allowed to show the amounts actually paid for

2

Plaintiff's medical treatment, as opposed to the full amounts billed by the providers of the medical services. Second, Defendant contends that Southern Concrete, Mr. Frazier's employer at the time of the accident, has a worker's compensation subrogation claim against any potential recovery and therefore a significant financial interest in Plaintiffs' recovery. As such, Defendant should be allowed to impeach the testimony of Southern Concrete's owner Rick Odle to show that his company has a stake in any recovery the jury may award Plaintiffs. Finally, Plaintiff's Social Security benefits are relevant to rebut his claim for the employer-paid portion of the Social Security tax.

The Court begins by noting that Judge Breen granted Defendant's motion for partial summary judgment on January 25, 2017 (ECF no. 279), holding in relevant part that Plaintiffs could not introduce proof of the full amount billed for Mr. Frazier's medical treatment. Instead, the Court concluded that Plaintiffs could only introduce proof of the amount actually paid by third-parties. Judge Breen's ruling would appear to eliminate one of Defendant's reasons for allowing proof about Mr. Frazier's worker's compensation and Social Security benefits. This leaves Defendant's point that Southern Concrete has a stake in Plaintiffs prevailing at trial and that Plaintiffs are not allowed to recover the employer-paid portion of the Social Security tax. The Court finds that it is not well situated to reach these arguments based only on the briefs of the parties. Therefore, the Court reserves its ruling on the Motion until the parties can be heard further on this matter, most likely at trial.

**III. Plaintiffs' Motion in Limine to Prohibit Reference to Hankook Tire America's Plant and Offices in Tennessee**

In their third Motion in Limine (ECF No. 246), Plaintiffs ask the Court to prohibit

Defendant from offering any evidence that Hankook Tire America Corporation has its headquarters in Nashville, Tennessee. The Court dismissed Hankook Tire America as a party to this action at summary judgment (ECF No. 242). Plaintiffs argue then that the fact that this non-party has operations in Tennessee is irrelevant. Defendant answers that it should be allowed to show the jury that it has a presence in Tennessee and to question the venire about any possible connection any potential juror may have to the company.

The Court finds that Plaintiff's Motion is well taken and should be **GRANTED**. Defendant may not introduce evidence at trial to show that a non-party to the suit has its headquarters or any other operations in the state of Tennessee. The Court's ruling will not prevent either party from questioning the venire about their general knowledge of Hankook, including whether they know any employees of Hankook.

**IV. Plaintiffs' Motion in Limine Regarding Evidence of Hankook's Corporate Good Acts**

Plaintiffs' fourth Motion in Limine (ECF No. 247) seeks to exclude evidence of Hankook's corporate good acts. Hankook responds that it does not intent to introduce such evidence, though Defendant reserves the right to introduce evidence of its safety record as rebuttal proof. That particular issue is not actually presented in Plaintiffs' Motion. Because Defendant does not oppose it, Plaintiffs' Motion in Limine is **GRANTED** as to this issue.

**V. Defendant's Omnibus Motion in Limine**

In its Omnibus Motion in Limine (ECF No. 251), Defendant has raised a number of discrete issues, which the Court will address in the order Defendant has presented them in its Motion.

**A. Liability Insurance**

Defendant first argues that the Court should prohibit Plaintiffs from mentioning or in any way alluding to the fact that Defendant has liability insurance. Plaintiffs respond that they do not intent to present any evidence of or in any way raise the issue of liability insurance with the jury. Therefore, Defendant's Motion is **GRANTED** as to this issue.

**B. "Golden Rule" or "Reptilian" Arguments**

Defendant next argues that the Court should not allow Plaintiffs to employ a "golden rule" plea to the jury, asking the jurors to put themselves in Plaintiffs' position. Defendant further argues that Plaintiffs should not be permitted to use a "reptilian" argument with the jury, in which counsel urges the jury to protect the "community" from Defendant. Plaintiffs respond that they do not intend to use either kind of technique. Plaintiffs do argue that the "reasonable person" standard requires some consideration of community standards. The Court finds it unnecessary to address this point. Defendant's Motion appears to be uncontested on the issue of "golden rule" or "reptilian" arguments. Therefore, the Motion is **GRANTED** on this issue.

**C. Void Dire Questioning about Specific Levels of Damages**

Defendant's Omnibus Motion in Limine also seeks to prevent counsel for Plaintiffs from asking the venire whether they would be willing to award Plaintiffs specific amounts to Plaintiffs. Defendant contends that this line of questioning is prejudicial under Federal Rule of Evidence 403. The Court finds that Defendant's Motion is not well taken on this point. Other than its claim of prejudice, Defendant has cited no authority to show that such questioning should not be allowed. Therefore, Defendant's Motion is **DENIED** as to this issue.

**D. References to Defendant's Financial Status**

Defendant's Omnibus Motion argues that the Court should not allow counsel for

Plaintiffs to mention Hankook's financial status or the financial status of Defendant's attorneys. Defendant argues that this proof is irrelevant and unduly prejudicial. Plaintiffs have conceded that Defendant's financial status might only be relevant in the event an award of punitive damages was appropriate. Plaintiffs state that they do no intend to refer in any other way to Defendant's financial status. In light of Plaintiffs' concession, Defendant's Omnibus Motion is **GRANTED** on this point.

### E. Cottles' Inspection of the Daejon Plant

Defendant next argues that the Court should exclude any proof about an inspection of Hankook's Daejon manufacturing facility in South Korea. Plaintiffs' expert Troy Cottles attended a plant inspection and made a video recording of the inspection in January 2009, as part of a separate suit against Defendant in another jurisdiction. According to Defendant, Cottles' site visit occurred four years after the subject tires in this suit were manufactured and did not include the section of the plant were Defendant manufactures truck tires. Plaintiffs oppose the Motion, arguing that Plaintiffs have no information to show that the plant operated differently at the time of Cottles's inspection in 2009 than it did at the time the subject tires were manufactured. The Court will reserve its ruling on this issue until such time as counsel can be heard further on it.

### F. Press and Media Reports

Defendant's Omnibus Motion seeks the exclusion of any press or media reports as inadmissible hearsay. Plaintiffs object that Defendant's Motion is vague and overbroad in that Defendant fails to identify any specific press or media report. As a general matter, media accounts of the events for trial are inadmissible hearsay. And yet Defendant has not shown

which actual media reports its Motion seeks to exclude. The brief refers to "certain newspaper and journal articles and other press reports" without elaboration. To the extent that such reports exist, Defendant's Motion is **GRANTED** on this issue.

**G. Tire Design and Manufacturing Activities Unrelated to the Causal Opinions of Plaintiffs' Experts**

Defendant's next argument addresses evidence of alleged tire design changes or features or tire manufacturing activities not related to the defect claims advanced by Plaintiffs' tire experts. Defendant surmises that Plaintiffs may attempt to elicit testimony at trial from their two tire expert witnesses, David Southwell and Troy Cottles, that Defendant's tire had design and production issues besides the issues previously disclosed by the experts. Plaintiffs respond that the Omnibus Motion fails to state with particularity what the expert testimony might be. The Court tends to agree that Defendant has not offered many specifics on the issue. To the extent that Defendant seeks to exclude any testimony that fails to conform to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, the Court holds that any opinion testimony that fails to comply with the Rules will not be admitted. Therefore, the Motion is **GRANTED** as to this issue. Should the need arise, the Court will revisit this issue at trial.

**H. Demands for Defendant to Produce Documents, Stipulate to Facts, or Make Agreements**

Defendant also argues that the Court should not permit counsel for Plaintiffs to make any demands in the presence of the jury that Defendant produce documents or stipulate to a fact or enter into any other agreement. Plaintiffs object that Defendant's claim is vague. Plaintiffs do state that counsel will approach the Court first, if necessary, to address a demand for production of documents or a request for a stipulation or agreement. Based on Plaintiffs' statement that

7

counsel will bring matters of this kind to the Court and not raise them in the presence of the jury, Defendant's Motion is **GRANTED** as to this issue.

**I. Opinions or Beliefs of Plaintiffs' Counsel**

Finally, Defendant's Omnibus Motion seeks to exclude any statements from counsel for Plaintiffs stating counsel's personal beliefs or opinions about the merits of the case. Plaintiffs answer that all arguments of counsel call for opinion. The Court expects all counsel to comply with the rules on the proper scope of argument. The Court reserves any additional ruling on this point.

**VI. Defendant's Motion in Limine to Exclude Evidence of Other Incidents, Claims, or Lawsuits Involving Hankook Tires**

Defendant's second Motion in Limine (ECF No. 252) requests that the Court exclude any evidence concerning other incidents, claims, or lawsuits involving Hankook tires. In support of its Motion, Defendant argues that evidence of other Hankook truck tire failures is irrelevant and unfairly prejudicial. Other examples of Hankook tire failures has no relevance as each tire has a different maintenance history and performs under different conditions. As such, Plaintiffs cannot show that other failures of Hankook tires are substantially similar to the tires at issue in this trial. The cement mixing truck driven by Mr. Frazier at the time of the accident had sat idle for a number of years at the Southern Concrete mixing yard and had previously sustained damage to the front end of the truck in an accident. Proof of other Hankook tire failures would confuse the jury and cause unfair prejudice to Defendant. Each separate incident would create its own mini-trial as the parties developed the facts of each case. And the proof about the other incidents would constitute inadmissible hearsay.

8

Plaintiffs respond that two of their expert witnesses have firsthand knowledge of other similar Hankook tires which had failed. The experts will testify that the tires in this case exhibited the same liner pattern marks found in the Hankook truck tires in these other cases. Plaintiffs argue that this testimony is relevant to the issue of whether Defendant had notice of a dangerous condition in its truck tires. To make this showing, Plaintiffs need only prove that the tires were substantially similar. Defendant's argument would essentially force Plaintiffs to show that the tires at issue in this case were identical to the failed tires from other incidents. According to Plaintiffs, that is not the standard.

The Court finds that additional argument or briefing on this issue is necessary. "Prior accidents must be substantially similar to the one at issue before they will be admitted into evidence," meaning "that the accidents must have occurred under similar circumstances or share the same cause." *Croskey v. BMW of N. Am., Inc.*, 532 F.3d 511, 518 (6th Cir. 2008) (citing *Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 376 (6th Cir. 1983)). The parties have not specified the exact nature of the proof to which Defendant's Motion is addressed. The Court simply does not have enough information to make an informed ruling on the admissibility of this evidence. Therefore, the Court reserves its ruling until such time as the parties can provide additional facts about this issue.

**VII. Defendant's Motion in Limine to Exclude Comment or Testimony on Discovery Disputes**

Defendant's third Motion in Limine (ECF No. 254) argues that the Court should exclude any comments or trial testimony referring to the parties' discovery disputes. Defendant asserts that discovery is closed, and it has complied with all of its discovery obligations. Defendant

anticipates that at trial counsel for Plaintiffs may allude to discovery disputes from earlier in the case. Defendant argues that these comments are irrelevant and unfairly prejudicial. Plaintiffs concede in their response that counsel does not intend to make such comments or elicit testimony about the discovery process. Plaintiffs do reserve the right to question witnesses in the event the proof at trial shows that discoverable information was not produced during the discovery period. Defendant's argument is well taken insofar as any comment or testimony about discovery disputes or the discovery process generally would be inappropriate. Therefore, Defendant's Motion is **GRANTED**, subject to Plaintiff's reservation of the right to approach the Court at trial with any possible discovery related issue.

**VIII. Defendant's Motion in Limine to Exclude Comment or Testimony on the Protection of Trade Secrets and Confidential Information**

In its fourth Motion in Limine (ECF No. 255), Defendant seeks to exclude any proof or comment at trial about Defendant's efforts to protect its trade secrets and other confidential information in the course of discovery. Defendant requests that the Court instruct the jury about marking documents "confidential" and preclude counsel for Plaintiffs from referring to the fact that Defendant asserted protection for its trade secrets in an effort to imply to the jury that Defendant was hiding something. Plaintiffs respond that counsel does not intend to draw attention to the fact that any document is marked "confidential." Plaintiffs are concerned that Defendant's Motion would go further and prevent Plaintiffs from asking any questions regarding confidential information.

The Court construes Defendant's Motion to be much more limited in scope. Defendant essentially requests that the Court instruct the jury that certain discovery was marked

"confidential" and protected from wider disclosure. The gravamen of Defendant's Motion is that Defendant does not want the jury to infer from the confidentiality of Defendant's proprietary information that Defendant has withheld or concealed information. The Court believes that this issue is best resolved by means of a jury instruction. To the extent that Defendant has requested such an instruction, Defendant's Motion is **GRANTED**.

**IX. Defendant's Post-Sale Incidents and Adjustments**

Defendant's fifth Motion in Limine (ECF No. 257) seeks to exclude all evidence and comment about "any accidents, incidents, warranty adjustments, or other occurrences or dates that occurred subsequent to the sale of the subject tire." According to Defendant, Plaintiffs conceded in their summary judgment briefing that they did not intend to pursue any claim related to post-sale warnings. Defendant now argues that any proof about events subsequent to the sale of the subject tire is irrelevant. Under Tennessee law, the inquiry over an allegedly defective product focuses on the information available at the time the product was manufactured. Evidence of any event subsequent to that time has no relevance to the primary question for the jury. Plaintiffs respond in opposition that evidence of subsequent events is relevant to prove a dangerous condition and causation.

The Court finds that additional argument or briefing on this issue is necessary. The parties have not specified the exact nature of the post-sale events to which Defendant's Motion is addressed. The Court simply does not have enough information to make an informed ruling on the admissibility of this proof. Therefore, the Court reserves its ruling until such time as the parties can provide additional facts about this issue.

**X. Defendant's Motion in Limine to Treat Employees of Southern Concrete as Hostile**

**Witnesses**

In its sixth Motion in Limine (ECF No. 258), Defendant argues that the Court should permit Defendant to treat any trial witness employed by Southern Concrete as a hostile witness and allow counsel for Defendant to use leading questions. As previously discussed, Defendant asserts that Southern Concrete has a pecuniary interest in Plaintiffs obtaining money damages at trial. Defendant contends that the Court should allow Defendant to develop Southern Concrete's possible motive or bias with leading questions. Plaintiffs answer that whether a witness is hostile is not matter properly addressed in a pretrial motion in limine. Instead, the Court should require Defendant to raise the issue at trial once a proper foundation has been laid. The Court tends to agree that this issue is better taken up in the course of trial. Therefore, the Court reserves its ruling on this Motion until trial.

**XI. Defendant's Motion in Limine to Exclude Reference to Two Journal Articles**

Defendant's seventh Motion in Limine (ECF No. 261) argues that the Court should prohibit Plaintiff's expert Troy Cottles from referencing two journal articles, which he disclosed in his expert report. For cause Defendant states that the articles are unreliable and irrelevant to the issues presented in the case. According to Defendant, the probative value of the articles is questionable. One article is only eight pages long, originally appeared in a for-profit Indian journal labelled by one American academic as "predatory," and addressed a topic unrelated to the issues presented in this case. Defendant argues that the article lacks any evidence of scientific research and that Cottles appears to have cited certain statements from the article out of context. The second article was published in a newsletter of general interest, as opposed to a scholarly journal, and likewise has little relevance to the issues on which Plaintiffs' expert with testify at

trial. There is no proof that the author of the article possesses any expertise on the subject of the article. Thus, the Court should not allow Cottles to refer to either piece during his trial testimony.

Plaintiffs respond in opposition that Defendant raised some of the same arguments in its previously filed Daubert motion, which the Court denied. In its order the Court specifically stated that Defendant will have the opportunity to challenge Cottles' conclusions on cross-examination. Plaintiffs argue that the Motion in Limine is in essence a request to reconsider the Daubert ruling. Plaintiffs defend the integrity of the first publication, explaining that the journal is an open-access journal but with peer-review for each publication. To the extent that Defendant claims the journal is obscure, Plaintiffs answer that the question is not the popularity of the journal but the reliability of its published articles. Plaintiffs point out the American academic criticizing the journal as "predatory" apparently made his comments in a blog post, which the author has since deleted. Plaintiffs defend the second article and claim that the newsletter is actually a publication of a section of the U.S. Department of Defense and the author a mechanical engineer. Plaintiffs argue then that the Court should allow the publications.

The Court finds that Defendant's Motion in Limine raises issues better addressed under Daubert and Federal Rule of Evidence 702. However, Defendant filed its Motion outside of the deadline set by the Court for motions to exclude expert witnesses, which passed on June 22, 2016. Defendant filed its Motion in Limine on January 13, 2017. Although Defendant acknowledges that its motion to exclude the trial testimony of Troy Cottles was pending at the time it filed its Motion in Limine, the Court declines to consider an evidentiary issue better addressed in the motion to exclude. And as the Court noted in its order denying the motion to

exclude Cottles's testimony, Defendant's objections about the relevance and reliability of the two articles are classic matters for cross-examination, not the complete exclusion of the proof. Therefore, Defendant's Motion in Limine is **DENIED**.

**XII. Defendant's Motion in Limine to Exclude Plaintiffs' Use of a Liner Piece**

Defendant's eighth Motion in Limine (ECF No. 256) seeks the exclusion of a demonstrative exhibit, specifically a piece of liner material made of uncured rubber with a plastic lining. Defendant states that it did not manufacture the liner, the liner was not used in Defendant's manufacturing process, and the subject tire did not have the liner as one of its component parts. Defendant believes that Plaintiffs' tire expert Troy Cottles obtained the liner piece from an unknown third party. Plaintiffs respond that the liner is intended to be a purely demonstrative exhibit to aid the jury in understanding Plaintiffs' theory that the subject tire had liner pattern marks. Plaintiffs' expert will use the exhibit to show the jury how liner material is rolled and acts as a buffer to prevent rubber-on-rubber contact during the tire manufacturing process and how the liner leaves an impression or mark on the rubber as a consequence of storage. The Court has its doubts that the liner itself is admissible, even for demonstrative purposes. Nevertheless, the Court finds that it cannot make a final determination of this issue based on the parties' written briefs alone. So the Court reserves its ruling on the Motion until trial.

**XIII. Plaintiffs' Motion in Limine to Prohibit Videos of Tandy's Tests**

Plaintiffs have also filed a Motion in Limine to Prohibit Videos of Tests Performed by Defendant's expert Don Tandy (ECF No. 260). According to Plaintiffs, Tandy designed separate tests to analyze the handling of a tractor-trailer driven with a deflated tire and then the

handling of the tractor-trailer driven after having a tire blown out. Tandy made a video recording of the tests and will opine on the results of the tests as part of his trial testimony. Plaintiffs argue that Tandy's testing is inadmissible due to the inherent differences between the tractor-trailer used in his tests and the concrete mixing truck that Mr. Frazier was driving at the time of his accident. The Court previously excluded a similar video recording of tests performed by Plaintiffs' expert Mickey Gilbert. Defendant responds that Tandy's testing and opinions are relevant to the issue of whether a tire blowout would render a heavy truck uncontrollable. In essence Tandy's testing shows that a driver could maintain control of a tractor trailer even with a tire blowout. Defendant further argues that Plaintiff has raised this issue outside of the deadline for excluding expert testimony.

The Court finds that the parties' briefs raise a number of unanswered questions and will require additional hearing. Therefore, the Court reserves its ruling on Plaintiffs' Motion in Limine.

## XIV. Defendant's Motion for Spoliation

Finally, Defendant has filed a Motion for Spoliation (ECF No. 263). For cause Defendant states that after Mr. Frazier's accident, Southern Concrete, the owner of the concrete mixing truck driven by Mr. Frazier during the accident, stored the wrecked truck at its facility. Southern Concrete eventually disposed of the wreckage but not before counsel for Plaintiffs arranged to retrieve the tires from the truck. Plaintiffs never requested that Southern Concrete preserve the rest of the vehicle and never advised Defendant of the possibility of litigation regarding the accident. Defendant claims that Plaintiffs deprived it of the opportunity to inspect the truck and determine whether there was a cause of the accident other than tire failure.

15

Defendant contends that a mandatory adverse jury instruction for the spoliation of the truck is proper.

Plaintiffs have responded in opposition. Plaintiffs maintain that a sanction for spoliation is not proper because Plaintiffs never had control over the truck. Plaintiffs further argue that they had no duty to preserve the truck and actually informed Southern Concrete to preserve the vehicle. And while both parties have had the opportunity to inspect the front tires and rims from the truck, neither party's experts have inspected the truck itself. Even if the truck would have condition of the truck would have absolutely confirmed or refuted Plaintiff's theory of liability. Plaintiffs therefore ask the Court to deny Defendant's request for a mandatory adverse inference.

The Court will reserve its ruling on the Motion for Spoliation until the Court can hear the parties further on this issue.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:   May 31, 2017.