IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| LISA C. CONE, Attorney-in-Fact and Next Friend of TIMOTHY H. L. FRAZIER, and TIMOTHY H. L. FRAZIER, Individually, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 14-1122-STA-egb |
| HANKOOK TIRE COMPANY, LTD., | ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**

Before the Court is Plaintiff Lisa C. Cone, attorney-in-fact and next friend of Timothy H.L. Frazier, and Timothy H.L. Frazier's Motion for New Trial (ECF No. 371) filed on July 27, 2017. Defendant Hankook Tire Company, Ltd. has responded in opposition. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

**BACKGROUND**

On May 27, 2014, Plaintiff filed a Complaint alleging products liability claims under Tennessee law for defects in a commercial truck tire manufactured by Defendant. According to the Complaint, on July 8, 2013, Mr. Frazier was acting in the course of his employment and driving a concrete mixing truck owned by his employer when the truck's front steer tire suffered tread separation. The truck crashed and the mixing drum separated from the tractor, causing Mr. Frazier to suffer severe spinal cord injuries. Defendant denied that its truck tire was defective.

1

Trial commenced on June 19, 2017. After a nine-day trial, the jury returned a verdict in favor of Defendant on June 30, 2017. The Court entered its judgment the same day.

In the Motion before the Court, Plaintiff requests a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. Plaintiff argues that the Court improperly instructed the jury on two points. First, the Court's negligence *per se* instruction was based on federal motor carrier regulations designed and adopted to protect the general public, and not specifically the drivers of commercial motor vehicles like the subject mixing truck. Plaintiff argues then that the doctrine of negligence *per se* simply did not apply in this case. Plaintiff further argues that the negligence *per se* instruction was confusing in that it could allow the jury to find that a violation of the statute was "peremptory." Second, the Court's superseding cause instruction was not supported in the record. Plaintiff contends then that the Court's erroneous jury instructions are grounds for a new trial.

Plaintiff's other basis for a new trial is the recent discovery that Defendant hired a researcher to contact the members of the jury after the trial. Plaintiff states that Defendant's conduct "creates unanswered questions of whether any other violations occurred and the effect of these violations to the trial, resulting in an unfair prejudice to the Plaintiffs." For these reasons Plaintiff argues that a new trial is warranted.

Defendant has responded in opposition. Defendant asserts that the Court's instructions on negligence per se and superseding cause were accurate statements of the law and supported in the record. Concerning superseding cause, Defendant argues that under Tennessee law an immune employer's failure to maintain a product constitutes a superseding cause of an employee's injury. Defendant introduced proof that Southern Concrete failed to maintain the tire

properly and should have removed it from service. Defendant also argues that Plaintiff has failed to show prejudice from the instruction. The jury could have found as a threshold matter that the tire was not defective at all and therefore never reached the question of superseding cause. As for negligence per se, Defendant argues that the federal statutes authorizing the Secretary of Transportation to promulgate the federal motor carrier regulations clearly state that one purpose of the regulations is to protect the operators of commercial vehicles. Otherwise, Plaintiff has not shown that the Court's instruction were an incorrect statement of the law. Finally, Plaintiff has not demonstrated that post-verdict interviews with the jury somehow deprived Plaintiff of a fair trial. Defendant asks the Court then to deny Plaintiff's Motion for New Trial.

## **STANDARD OF REVIEW**

Under Rule 59, after a jury trial, a court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). A new trial is appropriate when the jury reaches a seriously erroneous result as evidenced by (1) the verdict being against the clear weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias. *Cummins v. BIC USA, Inc.*, 727 F.3d 506, 509–10 (6th Cir. 2013) (citing *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d 387, 414 (6th Cir. 2012) (internal quotation marks and brackets omitted). Furthermore, "a motion for a new trial will not be granted unless the moving party suffered prejudice." *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004). In this regard the party seeking a new trial has the burden to show harmful prejudice. *Simmons v. Napier*, 626 F. App'x 129, 132 (6th Cir. 2015) (citing *Tobin v. Astra Pharm. Prods., Inc.*, 993 F.2d 528, 541 (6th Cir. 1993)).

3

The Sixth Circuit has explained that "the governing principle in the district court's consideration of a motion for a new trial is whether, in the judgment of the trial judge, such course is required in order to prevent an injustice . . . ." *Park W. Galleries, Inc. v. Hochman*, 692 F.3d 539, 544 (6th Cir. 2012) (quoting *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir. 1990) (internal quotation marks omitted)). The party seeking a new trial bears "a heavy burden." *Miller v. Am. President Lines, Ltd.*, 989 F.2d 1450, 1466 (6th Cir. 1993).

## **ANALYSIS**

Plaintiff has challenged two specific jury instructions in support of the Motion for a New Trial. The Court considers jury instructions as a whole "to determine whether they fairly and adequately submitted the issues and applicable law to the jury." *Nolan v. Memphis City Sch.*, 589 F.3d 257, 264 (6th Cir. 2009) (quoting *Arban v. West Pub. Corp.*, 345 F.3d 390, 404 (6th Cir. 2003)). "A party needs only a slim amount of evidence to support giving a jury instruction, but jury instructions must be reviewed as a whole to determine whether an instruction is necessary." *Tannenbaum v. Fed. Ins. Co.*, 608 F. App'x 316, 319 (6th Cir. 2015) (quoting *Taylor v. TECO Barge Line, Inc.*, 517 F.3d 372, 387 (6th Cir. 2008)). A new trial is not required based on flaws in the jury instructions "unless the instructions, taken as a whole, are misleading or give an inadequate understanding of the law." *Id.* (quoting *Arban*, 345 F.3d at 404).

Plaintiff first contests the jury instructions on negligence per se and the Court's decision to charge the jury on federal motor carrier regulations found at 49 C.F.R. § 392.7 and § 396.13(a). The Court defined negligence per se simply as follows: "A person who violates a statute or regulation is negligent. However, a person violating a statute or regulation is not at fault unless you also find that the violation was a legal cause of the injury or damage for which

4

claim has been made. I will provide you with further instructions defining legal cause in just a few moments." The Court's full statement about the two regulations to which Plaintiff now objects was as follows: "The regulations prohibit the driving of a truck unless the driver is satisfied that certain listed parts, including the tires on the truck, are in good working order." Jury Instructions 25 (ECF No. 357). Plaintiff does not argue that the instructions failed to state the law accurately. Plaintiff argues that the doctrine of negligence per se, under the particular regulations listed in the jury charge, did not apply in this case.

The Court holds that Plaintiff has not discharged his heavy burden to show that the Court's instructions were erroneous or that they misled the jury. Plaintiff has failed to show that any error in giving the negligence per se instruction caused him prejudice. The specific regulation at issue addressed the driver's duty to satisfy himself prior to driving a truck that the truck's tires were "in good working order." In other words the regulation concerned Mr. Frazier's duty to inspect the tires before he got behind the wheel of his vehicle. But the Court also instructed the jury that it was only to compare Mr. Frazier's possible negligence, including his violation of the federal safety regulation, if the jury first found Hankook to be at fault. The jury's answer on the verdict form was the Hankook was not at fault, under either a negligence theory or a strict liability theory. Viewing the jury instructions as a whole, the jury never even reached Mr. Frazier's possible negligence for the supposed violation of 49 C.F.R. § 392.7 and § 396.13(a). As such, the instruction had no prejudicial effect. The negligence per se instruction does not entitle Plaintiff to a new trial for this reason alone.

Moreover, Plaintiff's contention that the regulation did not apply in this case is without merit. Tennessee applies negligence per se only where "two threshold questions" are satisfied:

"whether the plaintiff belongs to the class of persons the statute was designed to protect and whether the plaintiff's injury is of the type that the statute was designed to prevent." *Whaley v. Perkins*, 197 S.W.3d 665, 673 (Tenn. 2006). Plaintiff's argument to the contrary notwithstanding, the federal regulation at issue here easily meets this test. Congress directed the Secretary of Transportation to "prescribe regulations on commercial motor vehicle safety" which would constitute the "minimum safety standards for commercial motor vehicles." 49 U.S.C. § 31136(a). Congress did so "to minimize dangers to the health of operators of commercial motor vehicles and other employees whose employment directly affects motor carrier safety" and "to ensure increased compliance with traffic laws" and other existing safety and health regulations. 49 U.S.C. § 31131(a). The Court concludes that Mr. Frazier, as a commercial vehicle operator, was among the class of persons 49 C.F.R. § 392.7 and § 396.13(a) were designed to protect. Therefore, Plaintiff's Motion for New Trial is **DENIED** as to this issue.

Next, Plaintiff argues that the Court's instruction on superseding cause was speculative and lacked support in the record. As a procedural matter, Plaintiff's argument on this point consists of a single sentence in his memorandum of law. Federal Rule of Civil Procedure 7(b) requires that requests for a court order be made by motion and that motions state with particularity the grounds for seeking the order. Fed. R. Civ. P. 7(b)(1). In the context of Rule 59 motions for new trial, Rule 7(b) "does not require ritualistic detail but rather a fair indication to court and counsel of the substance of the grounds" for the motion. Fed. R. Civ. P. 59, advisory committee's note to the 1966 amendment. The Sixth Circuit has commented in dicta that a party's "grounds in its motion for a new trial must be 'reasonably specific' in order to comply with the particularity requirement imposed by Rule 7(b)(1)." *Intera Corp. v. Henderson*, 428

F.3d 605, 612 (6th Cir. 2005) (quoting *Lack Indus., Inc. v. Ralston Purina Co.*, 327 F.2d 266, 274 (8th Cir. 1964)). Plaintiff's conclusory claim that the jury instruction was speculative falls far short of a "fair indication to court and counsel of the substance" of Plaintiff's argument. The Court rejects Plaintiff's argument for this reason alone.

To the extent that Plaintiff asserts the jury instruction lacked evidentiary support, the assertion is without merit. The Court's superseding cause instruction read as follows:

> A cause of an injury is not a legal cause when there is a superseding cause. Hankook contends that the conduct of Southern Concrete was a superseding cause of Mr. Frazier's injuries. For a cause to be a superseding cause, all of the following elements must be present:
>
> (1) The harmful effects of the superseding cause must have occurred after the original negligence;
>
> (2) The superseding cause must not have been brought about by the original negligence;
>
> (3) The superseding cause must actively work to bring about a result which would not have followed from the original negligence; and
>
> (4) The superseding cause must not have been reasonably foreseeable by the original negligent party.

Hankook's superseding cause theory had more than "a slim amount of evidence to support giving" this instruction. The jury heard proof about Southern Concrete's maintenance of the truck and opinion testimony from which the jury could find that Southern Concrete's failure to remove the tire from service was a superseding cause of Mr. Frazier's injuries. The Court carefully instructed the jury that while it could not consider Southern Concrete's actions in comparing fault, it could consider whether Southern Concrete's actions operated as a superseding cause of the tire tread separation. The superseding cause instruction was not speculative and otherwise

correctly stated the law.  Therefore, Plaintiff's Motion for New Trial is **DENIED** as to this issue.

Finally, Plaintiff seeks a new trial based on evidence that Defendant hired a researcher to question the members of the jury about the case after the jury had returned its verdict.  The Court has issued a series of orders, thoroughly stating how seriously the Court takes this matter.  The parties have been fully heard on the issue, and Defendant has supplied affidavits from counsel explaining the extent of the researcher's activities.  The Court has held a show cause hearing and issued an appropriate order.  Having made a full inquiry into the matter, nothing in the proceedings suggests to the Court that the improper contact with the jury had any bearing on the jury's unanimous determination of the issues at trial or its verdict that Hankook was not at fault for Mr. Frazier's injuries.  The Court has no grounds then to find that the post-trial contact with the jury tainted the trial or impaired Plaintiff's fundamental right to a fair and impartial adjudication of his claims.  Therefore, the Motion for New Trial is **DENIED**.

## CONCLUSION

Having concluded that Plaintiff has not carried his heavy burden to show cause for a new trial, the Court **DENIES** Plaintiff's Motion for New Trial.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  August 22, 2017.